IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| Howard J. Willis, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 10-CV-0173-D |
| | ) | |
| Nationwide Advantage Mortgage, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER ON INITIAL PRETRIAL CONFERENCE

On December 28, 2010, an initial pretrial conference was held in the above-entitled matter before the Honorable William C. Beaman, United States Magistrate Judge for the District of Wyoming. Counsel participating were John Matthew Kuker, Cheyenne, Wyoming, for the defendant. The plaintiff appeared *pro se*.

**Jurisdiction and Venue —**

The Court has jurisdiction over both the parties and the subject matter of this action, and venue is properly in the United States District Court for the District of Wyoming. Proper service of process has been accomplished on all parties, and no parties are erroneously joined in or omitted from the action.

**Consent to Trial by Magistrate Judge —**

The parties are all aware of the provisions of 28 U.S.C. 636(c) and U.S.D.C.L.R. 73.1(b), and acknowledge that this case will proceed before the District Judge assigned hereto, and not before the Magistrate Judge located in Cheyenne, Wyoming.  However, the parties are not precluded from consenting to trial before a Magistrate Judge anytime sixty (60) days prior to the trial date.

**Claims and Defenses —**

Plaintiff Howard Willis, proceeding *pro se*, brings this action pursuant to the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.*, and The Real Estate Settlement Procedures Act, 12 U.S.C. § 2602, alleging defendant engaged in intentional fraudulent activities by deceptively convincing him to agree to unfair terms in a loan agreement.  Plaintiff sets forth that he signed a promissory note for the purchase of real property in Cheyenne, Wyoming.  Plaintiff claims defendant caused other parties, including the mortgage broker, the appraiser, the closing agent, and the title services company, to breach their fiduciary duty to plaintiff in order to entice him into entering into the promissory note.  Plaintiff also alleges defendant failed to fully disclose the material provisions of and the nature of the promissory note, as well as the conditions of the real estate market.  Plaintiff asserts that defendant failed to disclose the terms and conditions of the loan, thereby inducing him into entering a predatory loan. Plaintiff claims defendant's actions rise to the level of intention infliction of emotional distress. Plaintiff seeks: (1) to quiet title to the property; (2) to rescind the loan; (3) restitution; (4) compensatory

damages; (4) damages for pain and suffering; (5) punitive damages; (6) interest; (7) attorney's fees; and (8) costs.

Defendant Nationwide Advantage Mortgage Company generally denies plaintiff's allegations and affirmatively alleges: (1) failure to state a claim upon which relief may be granted; (2) unclean hands/equitable estoppel; (3) plaintiff's claims are offset by damages sustained by defendant and the deficiency following foreclosure of the property; (4) plaintiff's claims are barred by his own breaches of applicable agreements; and (5) defendant is entitled to attorney's fees.

**Complexity of the Case —**

The Magistrate Judge is of the opinion that this is a non-complex case.

**Rule 26(f) Scheduling Conference —**

The parties have complied with the requirements of Rule 26(f) of the Federal Rules of Civil Procedure.

**Self-Executing Routine Discovery —**

The defendant has complied with self-executing routine discovery exchange as required by U.S.D.C.L.R. 26.1(c).

The plaintiff has failed to make self-executing routine discovery exchange as required by U.S.D.C.L.R. 26.1(c).

The plaintiff SHALL provide the defendant with the names of individuals likely to have discoverable information and a list of exhibits, and SHALL comply with all other requirements of U.S.D.C.L.R. 16.1(a) and 26.1(c) on or before January 14, 2011.

**THE PARTIES HAVE A CONTINUING DUTY TO SUPPLEMENT OR CORRECT ALL DISCOVERY DISCLOSURES OR RESPONSES IN ACCORDANCE WITH FED. R. CIV. P. 26(a) AND U.S.D.C.L.R. 26.1(c).**

**Proposed Orders —**

Proposed orders shall be submitted with all non-dispositive motions filed in this matter. Not only shall proposed orders be submitted as an additional attachment to the motion, it shall be submitted by email to wyojudgewcb@wyd.uscourts.gov in a word processing format.

**Dispositive Motions — Hearing June 17, 2011**

    **Defendant's Filing Deadline — May 20, 2011**

    **Plaintiff's Response Deadline — June 6, 2011**

The deadline for the defendant to file all dispositive motions together with briefs and affidavits in support thereof is May 20, 2011.

The plaintiff shall file responsive briefs and affidavits on or before June 6, 2011.

If the dispositive motions are filed earlier than the above scheduled date, the responding party must respond in accordance with U.S.D.C.L.R. 7.1.

The dispositive motions are hereby set for oral hearing before the Honorable William F. Downes on June 17, 2011, at 1:30 p.m. in Casper, Wyoming. **The parties shall strictly**

**comply with all provisions of U.S.D.C.L.R. 7.1. Counsel for the parties shall submit to the Court, together with their briefs, proposed findings of fact and conclusions of law and orders supported by the record which reflect the positions to be taken by the parties at the hearing. [U.S.D.C.L.R. 7.1(b)(2)(D)].** In the event all dispositive motions have been argued and briefed before the Court prior to the above deadlines, counsel shall so advise the Clerk of Court and the hearing date will be stricken.

**Expert Witness Designation —**

>**Plaintiff's Designation Deadline — April 1, 2011**
>
>**Defendant's Designation Deadline — May 6, 2011**

In accordance with U.S.D.C.L.R. 26.1(g), plaintiff shall designate expert witnesses and provide defendant with a complete summary of the testimony of each expert by April 1, 2011. In accordance with U.S.D.C.L.R. 26.1(g), defendant shall designate expert witnesses and provide plaintiff with a complete summary of the testimony of each expert by May 6, 2011. These summaries **SHALL** include a comprehensive statement of the expert's opinions and the basis for the opinions. *See Smith v. Ford Motor Company*, 626 F.2d 784 (10th Cir. 1980). Plaintiff may depose defendant's experts after the discovery cutoff date, but must complete the depositions fourteen(14) days **PRIOR** to the final pretrial conference.

The party designating the expert witness shall set forth all special conditions or requirements which the designating party or the expert witnesses will insist upon with respect

to the taking of their depositions, including the amount of compensation the expert witness will require and the rate per unit of time at which said compensation will be payable. In the event counsel is unable to obtain such information to include in the designation, the efforts to obtain the same and the inability to obtain such information shall be set forth in the designation. U.S.D.C.L.R. 26.1(g).

**Discovery Cutoff Date — May 20, 2011**

The discovery cutoff date is May 20, 2011. All written discovery requests shall be served upon and received by opposing counsel on or before the discovery cutoff date. All discovery depositions shall be completed by the discovery cutoff date. Trial depositions may be taken up to seven (7) days prior to the trial date.

**Stipulations as to Facts — May 27, 2011**

The parties shall exchange proposals for stipulations as to facts in accordance with U.S.D.C.L.R. 16.1(b) by May 27, 2011.

**Final Pretrial — August 25, 2011**

A final pretrial conference in this matter has been scheduled for 8:30 a.m. on August 25, 2011, in Casper, Wyoming, before  before a judge to be determined by random draw. ALL PARTIES **SHALL** SUBMIT THEIR PRETRIAL MEMORANDA NO LATER THAN SEVEN (7) DAYS PRIOR TO THE CONFERENCE. U.S.D.C.L.R. 16.2(b). THE FINAL PRETRIAL MEMORANDUM SHALL BE SUBMITTED TO THE COURT **AND** ATTACHED VIA

EMAIL (PARTIES SHALL CONTACT THE CLERK OF COURT FOR SAID EMAIL ADDRESS) FORMATTED FOR WORDPERFECT FOR WINDOWS.

Motions in Limine or motions relating to the exclusion of evidence shall be filed no later than seven (7) days prior to the commencement of trial.  U.S.D.C.L.R. 43.1.

The parties shall prepare and furnish to the Court and opposing counsel seven (7) days before the commencement of trial, a list of all previously authorized exhibits and a list of all previously identified witnesses, including experts.  Plaintiff's list of exhibits shall be marked and listed numerically, and defendant's list shall be marked and listed alphabetically.  The parties shall identify all witnesses they <u>will</u> call or <u>may</u> call and shall further identify whether each witness will testify in person, by deposition or by video tape. (See U.S.D.C.L.R. 43.6 and 43.7).

**Jury Trial — September 12, 2011**

A jury trial is set before a judge to be determined by random draw  for 9:30 a.m. on September 12, 2011, in Casper/Cheyenne, Wyoming, and is expected to last three to four (3-4) days.

The parties SHALL exchange and file an original and one copy of their proposed voir dire questions, jury instructions and special verdict form no later than seven (7) days prior to the commencement of trial.  U.S.D.C.L.R. 51.1.  **THE PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS SHALL BE SUBMITTED TO THE CLERK OF COURT IN WRITING <u>AND</u> ON A 3 ½ INCH DISKETTE FORMATTED FOR WORDPERFECT FOR**

**WINDOWS, AS A SINGLE DOCUMENT ENTITLED PLAINTIFF'S OR DEFENDANT'S PROPOSED INSTRUCTIONS. IN LIEU OF SUBMITTING A DISKETTE, COUNSEL IS PERMITTED TO EMAIL PROPOSED JURY INSTRUCTIONS AND SPECIAL VERDICT FORMS DIRECTLY TO THE TRIAL JUDGE CHAMBERS.**

**Settlement —**

The settlement possibilities of this case are considered by the Magistrate Judge to be fair.

Court-connected settlement conferences shall be conducted no later than thirty (30) days prior to trial.

Dated this 31st day of January, 2011.

                                      /s/ William C. Beaman
                                      United States Magistrate Judge