John M. Kuker
Branden S. Vilos
Romsa & Kuker, LLC
2123 Pioneer Ave.
Cheyenne, WY 82001
(307) 433-8777-Telephone
(307) 433-9117-Facsimile

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

APR 26 2011

Stephan Harris, Clerk
Cheyenne

## UNITED STATES DISTRICT COURT
## DISTRICT OF WYOMING

### Docket No. 10-CV-173-D

| | |
|---|---|
| HOWARD WILLIS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| NATIONWIDE ADVANTAGE MORTGAGE, | ) |
| | ) |
| Defendant. | ) |

## PROPOSED FINDINGS OF FACT,
## CONCLUSIONS OF LAW, AND ORDER

**COMES NOW**, Defendant Nationwide Advantage Mortgage Company

(hereinafter referred to as "Nationwide"), by and through undersigned counsel Romsa & Kuker,

LLC, and hereby submits this Proposed Findings of Fact, Conclusions of Law, and Order as

follows:

### FINDINGS OF FACT

1.     This case generally entails real property once owned by the Plaintiff Howard

Willis and later acquired by Nationwide Advantage Mortgage Company through a foreclosure

sale conducted on August 23, 2010.

2.     Plaintiff had originally obtained a loan to purchase the property from Draper &

Kraemer Mortgage Corporation.  That Mortgage and related Note were later assigned to

Nationwide Advantage Mortgage Company and this assignment was recorded on February 5,

2010. Plaintiff undisputedly failed to make his payments on the Promissory Note secured by said Mortgage, and foreclosure proceedings were instituted.

3.     Pursuant to the terms of the Note and Mortgage, the foreclosure process was done through the advertisement and sale process outlined in Wyoming's real estate statutes and also contained in the Mortgage.

4.     Nationwide provided Plaintiff with its original *Notice of Default and Notice of Intent to Foreclose and Notice Required by the Fair Debt Collection Practices Act* the property on or about January 14, 2010

5.     On or about February 16, 2010, Plaintiff was similarly provided with its original *Notice of Foreclosure Sale* in accordance with Wyoming Law.

6.     On or about March 19, 2010 and again on March 31, 2010, Plaintiff Postponed the Foreclosure sale on this property to allow time for the Veteran's Affairs Office to conduct the necessary inspections on the property.

7.     On or about April 16, 2010, Plaintiff canceled the Foreclosure Sale as the Defendant had made contact with its office and indicated that he was interested in entering into a "payment plan" to avoid foreclosure.

8.     On or about June 30, 2010, Nationwide provided Plaintiff with its renewed *Notice of Default and Notice of Intent to Foreclose and Notice Required by the Fair Debt Collection Practices Act* the property.

9.     On or about July 14, 2010, Plaintiff was similarly provided with a *Notice of Foreclosure Sale* in accordance with Wyoming Law. The *Notice of Foreclosure Sale* was published in the Wyoming Tribune Eagle for four consecutive weeks beginning July 26, 2010 and concluding August 16, 2010.

10.     During this time, Plaintiff made no payments regarding the arrearages owed on the loan. As of July 14, 2010, the outstanding balance of the loan was approximately $272,468.55.

11.     As noted above, a foreclosure sale was ultimately held on August 23, 2010 at 10:00 a.m. the Laramie County Court House in Cheyenne, Wyoming, by Deputy Sheriff Jerome J. Medina as described in the *Notice of Foreclosure Sale* and pursuant to Wyoming Statute § 34-4-101 through 34-4-113. A *Certificate of Sale* was issued by Sheriff's Deputy Jerome J. Medina and recorded with the Laramie County Clerk on August 23, 2011. The Deed outlining that Nationwide Advantage Mortgage Company was the successful bidder at the sale and the successful bid amount submitted was $216,000.00.

12.     Following the foreclosure sale, Plaintiff did not attempt to redeem the property, pursuant to Wyoming's foreclosure statutes. Consequently, after the expiration of the redemption period, Nationwide received a *Sheriff's Deed* to the property from the Laramie County Sheriff.

13.     The *Sheriff's Deed* was recorded with the Laramie County Clerk and Recorder on November 29, 2010. As a result, Nationwide became the owner of record of the property on that date.

14.     Plaintiff later filed the complaint at issue in this case alleging that various wrongs had been committed against him by a variety of entities. For whatever reason, Nationwide was the only named Defendant. However, a review of the complaint makes clear that Plaintiff has alleged no facts which support any legally cognizable cause of action in the state of Wyoming against Nationwide Advantage Mortgage Company. Moreover, the complaint mostly consists of a diatribe about the mortgage lending business in the United States in the last few years, but

- 3 -

contains no cogent legal argument directed towards Nationwide supporting a cause of action of any kind or nature.

15. The complaint appears to be mostly copied from and put together from various materials found on the internet. See generally *Plaintiff's Amended Complaint*, ¶ 101 (Plaintiff refers to another mortgage lender and states, "Defendant Quicken contends that Plaintiff's TILA damages and rescission claims are time barred."); See also

http://www.scribd.com/doc/36849128/Basis-for-Complaint;

*http://www.scribd.com/doc/38015308/indymac-lawsuit-TILA-and-RESPA-Indymac-Complaint*.

16. Plaintiff continues to reside at the property for free and has not remitted rent or any type of payments toward his loan since July of 2010.

## CONCLUSIONS OF LAW

17. Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed... a party may move for judgment on the pleadings." "The Tenth Circuit has explained that the standard for ruling on a motion under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6) for failure to state a claim for relief. *In re Terra Bentley II, LLC*, Slip Copy, 2011 WL 808190, *3 Bkrtcy.D.Kan. (2011). The "Supreme Court has twice addressed the question of what a complaint must do to survive a motion under Rule 12(b)(6)... the Court described the standard that must be met in pleading a claim for relief this way: Federal Rule of Civil Procedure 8(a)(2) requires... more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do..." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted).

18. The "pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

19.     The United States Supreme Court articulated a two-part test in determining whether a complaint will survive dismissal for failing to sufficiently state a claim for relief. First, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation'" *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-1950 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007)). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the

pleader is entitled to relief.'" *Id.* (citing Fed. Rule Civ. Proc. 8(a)(2)). Finally, the United States

Supreme Court summarized by stating:

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

> *Id.*

20.    Plaintiff Willis's Complaint in this case is exactly what the Supreme Court has

declared as improper. It is a rambling, discombobulated manifesto of sorts about a supposedly

nefarious mortgage lending industry, but it is completely devoid of any real facts or law

supporting a plausible claim of any kind against Nationwide. Again, it is mostly directed toward

other entities not named as Defendants. It is rife with conclusory assumptions and legal

conclusions but is wholly lacking in cogent, plausible claims.

21.    Plaintiff's Complaint also violates F.R.C.P. 8 and should be dismissed

accordingly on these grounds as well. A Complaint "violates Rule 8 of the Federal Rules of

Civil Procedure which requires: '(a) a short and plain statement of the claim showing that the

pleader is entitled to relief... and may be dismissed without leave to amend when it is 'so

verbose, confused and redundant that its true substance, if any, is well disguised.'" *Lowery v.*

*Hauk*, 422 F.Supp. 490, 491-492 (1976). The Court in *Burton v. Peartree* found that a Plaintiff's

Complaint should be dismissed for violating F.R.C.P. 8 under similar circumstances to that being

addressed in this present matter. 326 F.Supp. 755, 758-759 (1971). The Court stated that

"Burton, proceeding pro se, has filed a lengthy and rambling complaint which contains little

more than demands, charges, and conclusions. The complaint is not a short and plain statement

of the case and flagrantly violates Fed.R.Civ.P. 8. On this ground alone the complaint may be dismissed." *Burton v. Peartree*, 326 F.Supp. 755, 758-759 (1971). Like the *pro se* Plaintiff in the *Burton* case, Plaintiff Willis has submitted a legally improper Complaint that warrants immediate dismissal.

## ORDER

Is therefore ORDERED that Plaintiff's First Amended Complaint is hereby dismissed with prejudice, each party to bear their own costs and attorneys' fees.

**DATED** this $\underline{2^{6^{th}}}$ day of $\underline{Apr, 7}$, 2011.

**NATIONWIDE ADVANTAGE MORTGAGE COMPANY,**
*Defendant*

By:

John M. Kuker; Wyoming Bar #: 6-3452
Branden S. Vilos; Wyoming Bar #: 6-4431
ROMSA & KUKER, LLC
2123 Pioneer Ave.
Cheyenne, WY 82001
(307)433-8777-Telephone
(307)433-9117-Fax
*ATTORNEYS FOR DEFENDANT*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ORDER** was served upon the following this $\underline{26^{th}}$ day of April, 2011, as follows:

Howard Willis
2525 County Road 218
Cheyenne, WY 82009

[ √ ] U.S. MAIL
[   ] FED EX
[   ] FAX
[   ] HAND DELIVERED

CLERK/DEPUTY OF COURT